UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2015

LETTER TO COUNSEL

      RE:    *Phyllis S. Bray v. Commissioner, Social Security Administration*;
               Civil No. SAG-14-407

Dear Counsel:

      On February 11, 2014, Plaintiff Phyllis S. Bray petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion and grant the Commissioner's motion. This letter explains my rationale.

      Ms. Bray protectively filed a claim for Disability Insurance Benefits ("DIB") on September 2, 2010. (Tr. 73, 131–33). She alleged a disability onset date of December 5, 2007. (Tr. 131). Her claim was denied initially and on reconsideration. (Tr. 105–09, 112–13). A hearing was held on June 21, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 9–72). Following the hearing, the ALJ determined that Ms. Bray was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 85–100). The Appeals Council denied Ms. Bray's request for review, (Tr. 1–4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Bray suffered from the severe impairments of affective disorder, degenerative disc disease, and obesity. (Tr. 90). Despite these impairments, the ALJ determined that Ms. Bray retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except she is limited to lifting/carrying 20 pounds occasionally, ten pounds frequently, sitting about six hours, and standing/walking about six hours, in an eight hour workday. Occasionally, she can perform activities requiring climbing, balancing, stooping, kneeling, crouching, and crawling. She must avoid concentrated exposure to extreme cold, vibrations, and hazards. The claimant is limited to two to three step operations and occasional social interactions with coworkers or the public.

*Phyllis S. Bray v. Commissioner, Social Security Administration*
Civil No. SAG-14-407
January 9, 2015
Page 2

(Tr. 92). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, through her date last insured, Ms. Bray could perform her past relevant work as a cleaner and a pricer/sorter, and that therefore, she was not disabled. (Tr. 98–100).

Ms. Bray raises three primary arguments on appeal: (1) that the ALJ should have found her knee, ankle, and foot impairments severe; (2) that the ALJ erred in evaluating the medical records documenting her mental impairments; and (3) that the ALJ did not include all of her functional limitations in the hypothetical he posed to the VE. Each argument lacks merit and is addressed below.

First, Ms. Bray contends that the ALJ erred at step two of the sequential evaluation by not determining that her knee, ankle, and foot impairments were severe. Pl. Mem. 3–5. Step two is simply a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147–48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), she is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), however, the analysis proceeds to the next step. *Id.* In this case, the ALJ determined that Ms. Bray suffered from several severe impairments, and, thus, proceeded to steps three and four of the sequential evaluation. (Tr. 90–91). At step four, while determining the extent of Ms. Bray's functional limitations, the ALJ thoroughly evaluated both Ms. Bray's subjective complaints and her medical record, and referenced her knee, ankle, and foot pain multiple times. (Tr. 93) (noting Ms. Bray's complaint that she had broken her foot) (Tr. 94) (describing multiple complaints of pain and stiffness in knees and ankles and discussing knee x-rays), (Tr. 95) (noting foot fractures), (Tr. 97) (discussing left and right knee x-rays). Accordingly, any error by the ALJ at step two, regarding whether Ms. Bray's knee, ankle, and foot pain constituted a severe impairment, was harmless. Moreover, Ms. Bray has not alleged, and I find no evidence indicating, that the ALJ's RFC assessment is inadequate to accommodate any limitations resulting from Ms. Bray's knee, ankle, and foot pain.

Ms. Bray next argues that the ALJ did not adequately analyze the medical records documenting her mental impairments. In support of her argument, Ms. Bray references a March 2010 progress note in which Dr. Malcy, a clinical psychologist, stated that it was "very questionable that [Ms. Bray] would be able to obtain and maintain steady employment." Pl. Mem. 5 (citing (Tr. 373)). However, there is no evidence that the ALJ did not consider Dr. Malcy's progress note. To the contrary, the ALJ referred to other portions of Dr. Malcy's progress note in his opinion, (Tr. 94), and stated that he had carefully considered the evidence. Moreover, as the Fourth Circuit recently explained, although the ALJ's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(2), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid*, 769 F.3d. at 865 (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

*Phyllis S. Bray v. Commissioner, Social Security Administration*
Civil No. SAG-14-407
January 9, 2015
Page 3

Ms. Bray also makes a blanket argument that the ALJ did not adequately explain his reasons for rejecting the opinions of her treating physicians. Notably, however, the record is void of any "medical opinions" from Ms. Bray's treating physicians. Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Importantly, statements like that made by Dr. Malcy, that a claimant is disabled or unable to work, are not "medical opinions," but instead, go to issues reserved to the commissioner, and are not given any special significance. *Id.* § 404.1527(d). In this case, the only medical opinions were issued by State agency physicians and psychologists. After thoroughly reviewing the record, the ALJ credited the opinions of the State agency physicians and psychologists, finding them consistent with both the medical treatment records and the objective medical findings. The State agency opinions included a mental RFC assessment opining that Ms. Bray retained the mental capacity to operate in work-like situations that require only two to three step operations and minimal social interaction.

The additional treatment note and GAF scores cited by Ms. Bray are likewise unpersuasive. Specifically, Ms. Bray cites a September 2010 mental status exam in which it was noted that her attention was poor and easily distracted and in which she was assigned a GAF of 45, and an October 2010 treatment note in which she was assigned a GAF of 50. (Tr. 363, 443). First, the ALJ discussed the September 2010 treatment note at length. (Tr. 95). Moreover, the ALJ limited Ms. Bray to work involving two to three step operations, and Ms. Bray has neither alleged nor pointed to any evidence indicating that the limitation is inadequate to accommodate her attention difficulties.[1] Finally, with respect to the GAF scores, although nothing prohibits an ALJ from considering GAF scores as one component of his analysis, it is well established that GAF scores are not determinative of disability. *Kozel v. Astrue*, No. JKS–10–2180, 2012 WL 2951554, at *10 (D. Md. July 18, 2012). I thus find that the ALJ adequately analyzed the medical records concerning Ms. Bray's mental impairments and provided substantial evidence in support of his assessment of Ms. Bray's mental RFC.

Finally, Ms. Bray claims that the ALJ should not have relied on the VE's testimony because the ALJ did not include all of Ms. Bray's specific limitations in the hypothetical he posed to the VE. However, Ms. Bray's argument is simply a reiteration of her prior claim that the ALJ's RFC determination was inadequate. Because, for the reasons stated above, the ALJ's RFC assessment was supported by substantial evidence, he did not err by basing the hypothetical he posed to the VE on that RFC assessment. *Compare* (Tr. 92), *with* (Tr. 65). Accordingly, I find that the ALJ properly relied on the testimony of the VE.

---

[1] Notably, the mental status exam corresponding with the October 2010 GAF score of 50 indicates that Ms. Bray's attention was "fair." (Tr. 442).

*Phyllis S. Bray v. Commissioner, Social Security Administration*
Civil No. SAG-14-407
January 9, 2015
Page 4

    For the reasons set forth herein, Ms. Bray's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED. The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge